UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL J. MORRETT,<br><br>Plaintiff,<br><br>WENDY L. BROWN, DOES 1 to 4,<br><br>Defendants. | Case No.: 2:16-cv-01788-MCE-CKD-PS<br><br>**ORDER** |

On July 29, 2016, Defendant WENDY L. BROWN ("Defendant"), proceeding in pro se, filed a Notice of Removal of this unlawful detainer action filed by Plaintiff CAROL J. MORRETT ("Plaintiff") from the Stanislaus Superior Court.[1]  ECF No. 1.  This Court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  As explained below, Defendant has failed to meet that burden.

---

[1] Despite Defendant's pro se status, the undersigned revokes any actual or anticipated referral to a Magistrate Judge.  See E.D. Cal. Local R. 302(c)(21).

1

1    The Notice of Removal is premised on the argument that this Court has federal
2 question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.  However, a review of the
3 Complaint reveals that Plaintiff does not allege any federal claims; instead, she alleges
4 only unlawful detainer under state law.  ECF No. 1 at 6-8.

5    "The presence or absence of federal-question jurisdiction is governed by the 'well-
6 pleaded complaint rule,' which provides that federal jurisdiction exists only when a
7 federal question is presented on the fact of plaintiff's properly pleaded complaint."
8 Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  This is the case where the
9 complaint "establishes either that [1] federal law creates the cause of action or that [2]
10 the plaintiff's right to relief necessarily depends on resolution of a substantial question of
11 federal law."  Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage
12 Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd.
13 v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

14    Here, Plaintiff's sole claim is for unlawful detainer under state law.  At most,
15 Defendant argues that she has defenses available under federal law.  "A case may not
16 be removed to federal court on the basis of a federal defense . . . even if the defense is
17 anticipated in the plaintiff's complaint, and even if both parties admit that the defense is
18 the only question truly at issue in the case."  ARCO Envtl. Remediation, LLC v. Dep't. of
19 Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000)
20 (citation and quotation marks omitted).  Therefore, this Court lacks jurisdiction under 28
21 U.S.C. §§ 1331 and 1441.

22    Accordingly:

23    1. The action is REMANDED to the Stanislaus County Superior Court.
24    2. The Clerk of Court is directed to serve a certified copy of the order on the
25       Clerk of the Stanislaus County Superior Court, and reference the state case
26       number (No. 2030799) in the proof of service.
27    3. Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2 ) is DENIED as
28       moot.

4. The Clerk of Court is directed to close this case and vacate all dates.

5. The Clerk of Court is ordered not to open another case removing the following unlawful detainer action: No. 2030799.

IT IS SO ORDERED.

DATED: August 2, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE